**XIANGQING LIN, Petitioner,**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 04–6367–ag.

United States Court of Appeals, Second Circuit.

Aug. 9, 2006.

Trade, sitting by designation.

Jeffrey C. Bloom, Andy Wong, New York, NY, for Petitioner.

Michael J. Sullivan, United States Attorney for the District of Massachusetts, Michael Sady, Assistant United States Attorney, Boston, MA, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Xiangqing Lin, through counsel, petitions for review of the BIA decision affirming the decision of Immigration Judge ("IJ") Noel Brennan denying his applications for asylum and withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003. 1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

28

■ The IJ based her adverse credibility finding, in part, on Lin's demeanor, noting that during the merits hearing, Lin appeared to recite from a memorized script, testified in a halting manner, and often looked to his counsel and to the Court for a cue of some sort—*i.e.*, body language or facial expressions—to let him know that his answer, if he gave one, was the "correct" answer. The IJ gave three specific examples of such testimony: his responses to a series of questions regarding why he left China, his first contact with family planning officials, and why he waited until after the alleged abortion to confront the officials. The IJ's determination here is supported in the record and is a reasonable basis for finding Lin not credible. *See Tu Lin v. Gonzales,* 446 F.3d 395, 400–02 (2d Cir.2006); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–74 (2d Cir.2004). Moreover, the IJ reasonably discounted the suggestion by Lin's counsel that Lin's halting manner was due, in part, to his few years of education—a claim Lin reiterated in his brief to this Court. Although Lin claimed to have had only six years of formal schooling, Lin pointed to nothing in the record, and presented no evidence on appeal or in his brief to this Court, to show that a person of limited or even no formal education is somehow less able to articulate a coherent narrative of his or her alleged persecution.

The IJ also determined Lin not to be credible because of discrepancies within and between the two household registers he submitted, and because when he was confronted with these discrepancies, his answers were confusing and unresponsive. The IJ's determination is based on substantial evidence in the record and goes to the heart of Lin's claim that he had a relationship with or was married to his alleged wife. The IJ further found Lin not credible because of his shifting testimony regarding the mode of transportation he and his alleged wife used to return from his uncle's house to his parents' house when the couple purportedly went to report to the family planning officials for an abortion. The IJ also determined Lin to be incredible because of inconsistencies between his asylum application and his testimony regarding who called him at his uncle's house to tell him that family planning officials had come to his parents' house in search of his wife, and regarding whether Lin's mother told the officials that her daughter-in-law was pregnant. Finally, the IJ found Lin incredible because he testified inconsistently regarding the conditions of the one-week detention that was imposed on him for arguing with the family planning officials.

■ Since Lin did not raise his claims for withholding of removal and CAT before the BIA, and does not raise those claims here, those claims are unexhausted and waived. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005); *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).